Friday, March 13. The Judges delivered their opinions.
Judge Tucker.
The appellant moved for a judgment on a forthcoming bond taken for the delivery of certain slaves taken on an execution issued by him against Thompson and Scott. An objection was taken to the bond as defective, in not stating to whom they belonged; and the District Court being of opinion that the bond was defective in that respect, overruled his motion; whereupon he appealed. Mr. M'Rae, for the appellees, relied on the case of Hubbard v. Taylor,(a) as shewing this to be error ; the judgment in that case (as appears from the record) being that the bond was defective, in not reciting against xvftom the execution issued, or to whom the property belonged.
The act concerning executions(b) provides, that if the metier of goods taken in execution shall give sufficient security to the sheriff to have the same goods forthcoming at the day of sale, it shall be lawful for the sheriff to take a bond from such debtor and securities, payable to the creditor, reciting the service of such execution, and the amount thereof, and with condition to have the goods forthcoming at the day of sale, and shall thereupon suffer the goods to iremain in the possession of the debtor, &c. The service of the execution must be recited in the bond, which ought to shew the names of the parties, and the amount of the execution : and that the goods were permitted to remain in the possession of the owner, or debtor. This was not done in the case of Hubbard v. Taylor; but in the case before *104 us the execution is sufficiently recited, and the service upon the slaves by name: it then proceeds to state that the defendants were desirous to keep them in their possession until the day of sale; which, to my apprehension, is sufficient to shew they were the owners of them. I therefore think the judgment should be reversed, &c.
Judges Roane and Fleming being also of opinion that the judgment of the District Court should be reversed, the following was entered as the opinion of the Court:
“ That the bond in the proceedings mentioned is neither u informal nor defective, but a good and legal bond; and “ that the judgment of the District Court is erroneous. “ Therefore it is considered that the same be reversed and “ annulled, and that the appellant recover against the ap- “ pellees his costs by him expended, in the prosecution of a his appeal aforesaid here. Whereupon the Court would “ have proceeded to give judgment for the appellant on the “ said bond as the District Court should have done, if the “ appellees had none other objection thereto than the one M stated; but as it is possible that the appellees may have “ made payments, or had other objections which were not “ brought forth because of the opinion of the District Court “ in their favour, the cause is remanded to the said Dis- “ trict Court for that Court to proceed to judgment on the “ said bond, when the appellees are to, be at liberty to op-u pose the same by proof of payment, or by other legal ob- “ jections than that of the legality or formality of the said ■« bond.”

 1 Wash. 259.

 L. V. 1794, c. 151, sect. 13,